**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Daniel Hunt,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | CIV 12-1323-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Phillip Daniel Hunt's appeal from the Social Security Administration's final decision to deny his claim for disability insurance benefits and supplemental security income. After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

## I. PROCEDURAL HISTORY

In January of 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, alleging disability beginning May 12, 2009. (Transcript of Administrative Record ("Tr.") at 169-76.) His applications were denied initially and on reconsideration. (Tr. at 111-18, 122-28.) On December 6, 2010, he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 129-30.) A hearing was held on June 3, 2011. (Tr. at 35-76.) On June 20, 2011, the ALJ issued a decision in which he found that Plaintiff was not disabled. (Tr. at 15-34.) Thereafter, Plaintiff requested review of the ALJ's decision. (Tr. at 13-14.)

1   The Appeals Council denied Plaintiff's request, (Tr. at 1-5), thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21.

## III. THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1) determine whether the applicant is engaged in "substantial gainful activity";

(2) determine whether the applicant has a medically severe impairment or combination of impairments;

    (3)  determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

    (4)  if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

    (5)  if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work.  See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

    At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 12, 2009 – the alleged onset date.  (Tr. at 20.)  At step two, he found that Plaintiff had the following severe impairment: spinal degenerative disc disease.  (Tr. at 20-22.)  At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations.  (Tr. at 22.)  After consideration of the entire record, the ALJ found that Plaintiff retained "the residual functional capacity to perform sedentary work ... except that the claimant cannot climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs; can occasionally balance; cannot stoop, crouch, kneel, and crawl; must have a sit/stand option that allows the claimant to sit or stand alternatively at will provided he is not off-task more than 10% of the time; and must avoid concentrated exposure to extreme heat and cold, all moving machinery, and unprotected heights."[1]  (Tr. at 22-27.)

    The ALJ determined that Plaintiff was unable to perform any past relevant work, but based on his age, education, work experience, and residual functional capacity, there are jobs

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

- 3 -

that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 27-29.) Therefore, the ALJ concluded that Plaintiff has not been under a disability from May 12, 2009, through the date of his decision. (Tr. at 29.)

## IV. DISCUSSION

In his brief, Plaintiff contends that the ALJ's reliance on selective portions of Dr. Paul Drinkwater's opinion is "unsupported by specific, legitimate rationales, and the addition of his own limitations lacks medical foundation." Specifically, Plaintiff argues that the ALJ's stated reasons for rejecting Dr. Drinkwater's assessed limitations in reaching, handling, fingering, and feeling are not legitimate. Plaintiff additionally alleges that the ALJ committed the "same error" with regard to his substitution of a sit/stand option for Dr. Drinkwater's assessment of an overall limitation on the number of hours that Plaintiff could sit or stand/walk in a day. Plaintiff requests that the Court remand for determination of benefits.[2]

An ALJ must assess a claimant's residual functional capacity "based on all the relevant medical and other evidence." 20 C.F.R. §§ 404.1520(e). Thus, the ALJ is not required to adopt any one doctor's opinion in assessing a claimant's residual functional capacity. Rather, the ALJ is charged with weighing all of the medical evidence and assessing a residual functional capacity that is in line with the record as a whole. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (the ALJ is responsible for resolving conflicts in the medical record). Further, an ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (quoting Magallanes, 881 F.2d at 751).

---

[2] Besides addressing discrete portions of Dr. Drinkwater's assessment that the ALJ did not adopt, Plaintiff fails to point to any other error in the ALJ's opinion.

Historically, the courts have recognized the following as specific, legitimate reasons for disregarding a physician's opinion: conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain; and medical opinions that are brief, conclusory, and inadequately supported by medical evidence. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Flaten v. Secretary of Health and Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). Here, the Court finds that the ALJ properly gave specific and legitimate reasons, based on substantial evidence in the record, for discounting Dr. Drinkwater's assessment regarding the manipulative and sitting, standing, and walking limitations.

On June 1, 2010, Dr. Drinkwater reviewed Plaintiff's medical records and examined him in connection with his disability application. (Tr. at 384-90.) Dr. Drinkwater found that Plaintiff had tenderness and tightness in his lumbar back; had muscle spasms with movement; was able to tandem walk a few steps; was able to squat only three-fourths of the way; could grip 140 pounds with both hands; had normal leg muscle bulk but decreased strength; had decreased range of motion in his hips, knees, and ankles; and had low back pain with straight leg raises at 90 degrees. In his overall assessment of Plaintiff, Dr. Drinkwater determined that Plaintiff had an exaggerated pain response and displayed exaggerated pain behaviors with some decreased range of motion. (Tr. at 384-86.) He opined that Plaintiff could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; sit, stand, and/or walk for 4 hours each in an 8-hour workday; occasionally reach, handle, finger, feel, and climb ramps and stairs; never stoop, kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; and should not work around heights, moving machinery, or extremes in temperatures. (Tr. at 387-89.)

In his evaluation of Dr. Drinkwater's opinion, the ALJ stated,

> I give great weight to the examination report and assessment of the independent consultative rehabilitation physician (11F). That assessment also evaluates the claimant as having a sedentary exertional capacity. However,

1
2
3

>there are two material differences in the consultative physiatrist's assessment. There is only limited support in the record or in the examiner's own observations for the recommended manipulative restrictions (11F/5). There is also only limited support for the recommendation that the claimant can stand and/or walk 4 hours in an 8-hour day (11F/4).

4  (Tr. at 26.)

5  With regard to the manipulative limitations set forth in Dr. Drinkwater's assessment

6  – that Plaintiff could only occasionally reach, handle, finger, or feel (Tr. at 388) – the ALJ

7  found contradictions in Dr. Drinkwater's own examination, which noted that Plaintiff had

8  a grip strength of 140 pounds with each hand as measured with a handheld dynamometer.

9  (Tr. at 26, 385.) Additionally, the record demonstrates a complete lack of objective medical

10 evidence regarding the manipulative limitations, and there is no indication of any subjective

11 complaints to any medical source regarding decreased strength or ability in his hands, nor

12 did Plaintiff testify that he had any such limitations.

13 In support of his position that Dr. Drinkwater's manipulative limitations should have

14 been adopted by the ALJ, Plaintiff points to Dr. Drinkwater's statement that Plaintiff

15 exhibited pain on shoulder testing, so he discontinued any additional upper extremity testing.

16 Plaintiff, however, ignores Dr. Drinkwater's conclusion that Plaintiff displayed "exaggerated

17 responses in pain and pain behaviors," which directly undermines Plaintiff's credibility as

18 to the exhibited pain in this instance. (Tr. at 26-27, 386.) Thus, the Court finds that the ALJ

19 reasonably discounted that portion of Dr. Drinkwater's opinion because it was inconsistent

20 with Dr. Drinkwater's own examination, and the extensive record fails to show any medical

21 evidence of said limitations or that Plaintiff ever complained of any such limitations.

22 Similarly, with regard to the sitting, standing, and walking limitations assessed by Dr.

23 Drinkwater – that Plaintiff was limited to sitting, standing, and/or walking 4 hours each in

24 an 8-hour workday (Tr. at 387-88) – the ALJ found that allowing Plaintiff the ability to

25 alternate between sitting and standing was more consistent with Plaintiff's limitations set

26 forth in the record as a whole. (Tr. at 26.) In reaching this conclusion, the ALJ noted that

27 Dr. Drinkwater's opinion was inconsistent with Plaintiff's own testimony stating that he sat

28 in front of the computer for an average six hours per day with breaks. (Tr. at 26, 46-47.)

1    The ALJ also found that Dr. Drinkwater's findings indicating that Plaintiff had limited
2 range of motion and was unable to heel-toe walk or stand on one leg for very long were more
3 consistent with the ability to alternate between sitting and standing at-will rather than any set
4 limitation on the total number of hours Plaintiff could sit or stand. (Tr. at 26.)  Although
5 Plaintiff argues that the ALJ ignored his testimony that he could only sit in front of the
6 computer for six hours per day if he took breaks and could not do it "straight," the Court
7 finds that Plaintiff's testimony regarding his ability to sit for six hours with breaks is entirely
8 consistent with the ALJ's assessment allowing Plaintiff the ability to alternate between sitting
9 and standing at-will during an 8-hour workday. (Tr. at 22.)

10   Therefore, the Court finds that substantial evidence supports the ALJ's decision to
11 deny Plaintiff's claim for disability insurance benefits and supplemental security income in
12 this case. The ALJ properly discounted selective portions of Dr. Drinkwater's opinion by
13 providing specific and legitimate reasons, based on substantial evidence in the record.
14 Consequently, the ALJ's decision is affirmed.

15   Based upon the foregoing discussion,

16   **IT IS ORDERED** that the decision of the ALJ and the Commissioner of Social
17 Security be affirmed;

18   **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment
19 accordingly. The judgment will serve as the mandate of this Court.

20   DATED this 12th day of September, 2013.

_____
Michelle H. Burns
United States Magistrate Judge